HERMAN MERRELL, *Appellant, v.* CITY OF ST. PETERSBURG, A MUNICIPAL CORPORATION, *Appellee.*

Opinion Filed October 12, 1917.

## WHEN OBSERVANCE OF SPECIAL RULE FOR FILING BRIEFS CONSIDERED WAIVED.

Where an appellant fails to file his briefs within the time prescribed by a special rule of court applicable to causes involving proceedings for the validation of municipal bonds, but does file such brief within the time prescribed by the general rules governing chancery causes generally; and the appellee then, after the filing of such brief moves to quash and dismiss said appeal because of the appellant's failure to file his brief within the time named in such special rule: Held, That the appellee's motion comes too late; that by waiting until after the brief of appellant was actually filed before presenting his motion to dismiss the appellee acquiesced in the appellant's delay and thereby waived the same. Had the appellee promptly after the lapse of the time prescribed by such special rule for the filing of the appellant's brief presented such motion for dismissal for failure to file such brief, his motion would have been well grounded.

Motion denied.

*Herman Merrell, in pro per;*

*Lane & Dishman* and *Bayard S. Cook,* for Appellee.

TAYLOR, J.—This cause, being an appeal from a decree of the Circuit Court of Pinellas County validating a proposed issue of bonds by the City of St. Petersburg, comes up for hearing upon motion of appellee to quash and dismiss the appeal. The motion is presented upon the following grounds:

"1.    That the appellant herein did not file or serve his brief upon appellee or either of its attorneys within five (5) days after the filing of the transcript herein with the Clerk of the Supreme Court, as provided by Special Rule No. 9 of the Supreme Court of   *   *   *   Florida, adopted November 5th, 1915.

"3.    That the transcript herein was filed with the Clerk of this court on July 28th, 1917.

"4.    That the brief of appellant was filed with the Clerk of this court on August 27th, 1917, and served on attorneys for appellee on the same date.

"5.    That no brief on the part of said appellant was served on said appellee or its attorneys at the time of filing the transcript on appeal, or within five days thereafter, as provided by said Special Rule No. 9."

In deference to the intention of the legislature, as expressed in the provisions of Chapter 6868 laws enacted in 1915, that the proceedings therein provided for the validation of bonds voted for public improvements should be expeditiously determined and disposed of by the courts, this court on November 5th, 1915, adopted Special Rule No. 9, that takes such cases out of the provisions of the general rules prescribing the time within which the appellant shall file his briefs on appeal in ordinary cases, and prescribes in such cases a much shorter time for the filing of briefs on appeal therein, viz: at the time of filing the transcript of record on appeal or within five days thereafter, serving the appellee at the same time with a copy thereof, who is required within ten days thereafter to file his brief.    The appellant did not observe this rule in filing his brief, but did file it within the time governing the filing of briefs by appellants in ordinary chancery causes. The appellee did not complain of this omission of the appellant until after the latter had filed his briefs here,

13—Vol. 74

and after he had been served with a copy thereof, after which he makes this motion to dismiss. Had the appellee promptly, after the lapse of five days from the date of the filing of the transcript of the record here, moved to dismiss the cause for failure to file his briefs by the appellant, his motion would have been well grounded; but failing so to do until after the appellant's brief was filed, he thereby acquiesced in the delay, and will be held to have waived the non-observance of the special rule in that regard, and his motion to dismiss the appeal must, therefore, be, and is hereby denied.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.